## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Chapter 11 |
| Regional Ambulance Service, Inc.,[1] | Case No. 19-06574-hb |
| Debtor. | |

### MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL, AND (B) GRANTING REPLACEMENT LIENS AND MEMORANDUM IN SUPPORT

Regional Ambulance Service, Inc. ("Debtor"), hereby moves the Court pursuant to 11 U.S.C. §§ 105(a), 361, 363(c)(2) and (e)[2] and Fed. R. Bankr. P. 4001(b) and 9014[3] for an order authorizing Debtor to use cash collateral on which The South Carolina Department of Revenue ("SCDOR") asserts security interests and liens.  Debtor proposes to use the monies generated from the operation of its business, which is absolutely necessary for the continuation of Debtor's business.  In support of this Motion, Debtor would show as follows:

### JURISDICTION

1. Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 16, 2019 (the "Petition Date").

2. Debtor is operating its businesses and managing its assets as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

3. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §1334.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. §157(b)(1).

5. Venue of these proceedings and the Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

---

[1] The last four digits of the Debtor's tax identification number are 4015.  The address of the Debtor's corporate headquarters is 1089 Augusta Rd., Suite 300, Warrenville, SC 29851.
[2] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.
[3] Further reference to the Federal Rules of Bankruptcy Procedure will be rule number only.

6. The statutory basis for relief requested herein are 11 U.S.C. §§ 105(a), 361, 363(c)(2) and (e) and Bankruptcy Rules 4001(b) and 9014.

## BACKGROUND

7. Debtor is in the business of providing 24 hour ambulance service for clients in Richland County and Aiken County, South Carolina. Debtor has approximately 100 employees.

8. SCDOR asserts and Debtor believes that SCDOR has a tax lien on all property and rights to property belonging to the Debtor ("Cash Collateral"). SCDOR and the Debtor believe that SCDOR has claims in the approximate amount of $434,603.09.

9. The Debtor's use of Cash Collateral in this case is necessary for the continued operation of its business. Debtor needs to pay operational expenses, such as utilities, property taxes, insurance, and employee wages.

10. Debtor proposes to use the Cash Collateral as described in the budget attached hereto as **Exhibit A** (the "Budget"). Specifically, Debtor proposes to pay only those expenses itemized Budget. Debtor also requests permission to exceed any line item in the Budget that contains a dollar amount as long as Debtor does not exceed the overall amount requested in the Budget by an amount greater than 10%. If surplus funds are available from Cash Collateral after payment of those expenses set forth in **Exhibit A**, such funds will be held for possible use by the Debtor pending further order of the Court.

## RELIEF REQUESTED

11. As adequate protection for the use of Cash Collateral, Debtor agrees to provide SCDOR with replacement liens on post-petition Cash Collateral to the same extent and priority as its pre-petition liens, for the extent of any post-petition diminution in the pre-petition Cash Collateral as well as replacement liens on all other property that may be acquired post-petition by the Debtor with such replacement liens having the same extent and priority as IRS's prepetition liens on such property.

12. Section 363(c)(2) provides that the Debtor may use Cash Collateral if each entity that has an interest in such Cash Collateral consents or if the court authorizes such use after notice and hearing. Among the non-exclusive examples of adequate protection found in §361 is a replacement lien to the extent that use of collateral results in a decrease in its value.

13. Use of Cash Collateral is necessary in order for the Debtor to maintain its business operations. As the Debtor is continually receiving income from the operation of its business, Cash Collateral is continually being replenished. Therefore, Debtor believes that granting replacement liens to SCDOR should fully protect SCDOR.

14. Upon information and belief, SCDOR has not consented to Debtor's use of Cash Collateral according to the terms set forth herein and the proposed interim order on use of cash collateral filed simultaneously herewith.

WHEREFORE, having shown that Debtor's continuing use of Cash Collateral for its ongoing operations is absolutely necessary, Debtor seeks interim and final orders authorizing use of such Cash Collateral and requests such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the 16th day of December 2019 at Columbia, South Carolina.

                                                  McCARTHY, REYNOLDS, & PENN, LLC

By: /s/W. Harrison Penn
     G. William McCarthy, Jr., I.D.#2762
     Daniel J. Reynolds, Jr., I.D.#9232
     W. Harrison Penn, I.D. #11164
     PO Box 11332
     Columbia, SC 29211
     (803) 771-8836
     (803) 753-6960 (fax)
     hpenn@mccarthy-lawfirm.com